Argued November 30, 1948; decided January 13, 1949.

John W. MacDonald, Thomas J. P. Cawley and Horace E. Whiteside for appellants. I. The Appellate Division invaded the province of the jury in reversing the judgment of the trial court entered upon a jury's verdict, upon the stated ground that there was no proof of " a causal connection between the

breaking of the rope '' and plaintiff's injury and in dismissing the complaint upon the ground that '' the accident was not one within reasonable range of anticipation ''. (*Cornbrooks* v. *Terminal Barber Shops, Inc.*, 282 N. Y. 217; *Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1; *Carr* v. *City of New York*, 281 N. Y. 469; *Maguire* v. *Barrett*, 223 N. Y. 49.) II. The Appellate Division invaded the province of the jury in deciding as a matter of law that there was no liability proved against the defendant by the plaintiff in this action. (*Palsgraf* v. *Long Island R. R. Co.*, 222 App. Div. 166, 248 N. Y. 339; *Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442; *Caspersen* v. *La Sala Bros.*, 253 N. Y. 491; *Indermaur* v. *Dames*, [1866] L. R. 1 C. P. 274, L. R. 2 C. P. 311; *Matter of Polemis & Furness, Withy & Co.*, [1921] 3 K. B. 560; *Sullivan* v. *Central Hanover Bank & Trust Co.*, 294 N. Y. 497; *Peck* v. *Weil*, 231 App. Div. 670, 235 App. Div. 601, 259 N. Y. 540; *Alpert* v. *Day*, 241 App. Div. 604, 264 N. Y. 643; *McGlone* v. *Angus, Inc.*, 248 N. Y. 197; *O'Neill* v. *City of Port Jervis*, 253 N. Y. 423.) III. The Appellate Division erred in holding that plaintiff must show by direct evidence that the cause of his fall was the breaking of the rope. (*Metropolitan Ry. Co.* v. *Jackson*, 3 App. Cas. 193; *Cornbrooks* v. *Terminal Barber Shops, Inc.*, 282 N. Y. 217; *Ingersoll* v. *Liberty Bank of Buffalo*, 278 N. Y. 1; *Tortora* v. *State of New York*, 269 N. Y. 167.)

*Matthew S. Gibson* and *Frederick L. Scofield* for respondent. I. There can be no legal liability for an accident such as this, which, upon the admitted and undisputed facts, was so rare, unexpected, and unusual that no reasonable person could fairly say that defendant, in the exercise of reasonable care, should have anticipated its occurrence. (*Sweeney* v. *Rozell*, 31 Misc. 640; *Dugan* v. *American Transfer Co.*, 160 App. Div. 11; *Paul* v. *Consolidated Fireworks Co.*, 212 N. Y. 117; *Cronin* v. *American Linen Co.*, 147 F. 755; *Cleveland* v. *New Jersey Steamboat Co.*, 68 N. Y. 306; *Burns* v. *Old Sterling Iron & Mining Co.*, 188 N. Y. 175.) II. Plaintiff failed to establish a prima facie case sufficient to warrant submission to the jury of the question of whether the breaking of the alleged defective valve cord was what caused plaintiff to fall from his employer's truck. (*White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131; *Scharff* v. *Jackson*,

216 N. Y. 598; *Wolf* v. *Kaufmann,* 227 App. Div. 281; *Bourcheix* v. *Willow Brook Dairy, Inc.,* 268 N. Y. 1; *Ruppert* v. *Brooklyn Heights R. R. Co.,* 154 N. Y. 90; *Ruback* v. *McCleary, Wallin & Crouse,* 220 N. Y. 188; *Slater* v. *Barnes,* 241 N. Y. 284; *Dillon* v. *Rockaway Beach Hosp.,* 284 N. Y. 176.) III. Plaintiff failed to establish a prima facie case sufficient to warrant submission to the jury of the question of whether plaintiff was free from contributory negligence. (*Lyon* v. *Socony-Vacuum Oil Co.,* 268 App. Div. 788; *Fillis* v. *Wahlig,* 267 App. Div. 781; *Owen* v. *Westchester Country Club, Inc.,* 264 App. Div. 796, 289 N. Y. 819; *Fox* v. *Warner-Quinlan Asphalt Co.,* 204 N. Y. 240; *Deane* v. *City of Buffalo,* 42 App. Div. 205; *Felch* v. *Allen,* 98 Mass. 572.)

LEWIS, J. The appellant's intestate, a driver of an oil tank trailer truck, instituted this action during his lifetime to recover for personal injuries sustained by him when, during a tank-filling operation upon premises maintained by the defendant corporation, he fell to the ground from a catwalk on the oil truck he was operating.

At Trial Term a jury awarded a verdict to the plaintiff, whose death occurred eleven weeks after the trial. Although since the death of the plaintiff his widow has prosecuted the action as administratrix of his estate, it will be convenient to refer to the decedent as the plaintiff. At the Appellate Division the judgment entered at Trial Term was reversed on the law and the facts and the complaint was dismissed on the law. The opinion *Per Curiam* by the Appellate Division states the basis of its decision as follows : " In our opinion there was no proof adduced which would serve to show a causal connection between the breaking of the rope and the fall of plaintiff's intestate, particularly in the light of the undisputed fact that the rope was not provided as a means of support and that, at the time it broke, the plaintiff's intestate was located squarely in the middle of the catwalk, kneeling on one knee and holding onto the hatch opening with his left hand while operating the valve by means of the rope with his right hand. We are also of opinion that the verdict was excessive, in the light of the fact that the proof shows that plaintiff's intestate was suffering from nephritis and arteriosclerosis. The complaint should be dismissed, however, for the reason that the accident was not one within reasonable range of anticipation,

although in any event a new trial would be granted because of the excessiveness of the verdict.'' (272 App. Div. 935–936.)

In those circumstances — '' As the reversal was upon the law we are bound by the facts which the jury might have found.'' (*Hendrickson* v. *Hodkin,* 276 N. Y. 252, 257.) Accordingly, the scope of our problem is narrowed to the inquiry: Is there evidence — direct or circumstantial — from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred? (*Ingersoll* v. *Liberty Bank of Buffalo,* 278 N. Y. 1, 7; *Cornbrooks* v. *Terminal Barber Shops, Inc.,* 282 N. Y. 217, 223; *Dillon* v. *Rockaway Beach Hosp.,* 284 N. Y. 176, 179; *Osipoff* v. *City of New York,* 286 N. Y. 422, 425; *Rosenberg* v. *Schwartz,* 260 N. Y. 162, 166; *Faber* v. *City of New York,* 213 N. Y. 411, 414.) If there is such evidence the question was presented for determination by a jury — under proper instructions — whether plaintiff's injuries were caused by actionable fault of the defendant.

We find in the record the following evidence which the jury could well have treated as worthy of belief: At about seven o'clock in the morning of February 8, 1945, the plaintiff drove his employer's empty tank truck into the plant of the defendant at Oceanside, Long Island. Fifteen minutes later, in response to a direction by defendant's foreman, the plaintiff moved his truck forward under a filling rack where he promptly started to fill the tank with fuel oil. This filling operation was accomplished by means of a flexible oil-bearing pipe which plaintiff inserted in an opening or '' hatch '' in the top of the tank. The flow of oil was started by pulling down on a cord which opened the valve controlling that flow. It also appears that to maintain the flow it is necessary to keep the rope constantly taut by a down pull. For purposes of this appeal the evidence is important that plaintiff, on the morning of the accident, found that the valve cord '' pulled very hard '' — so hard, indeed, that he wound the rope '' two or three turns around [his] glove '' and in doing so '' [the cord] cut into [his] glove.'' The evidence descriptive of the valve cord is also important to our inquiry — it being a '' double-stranded '' cord, one-quarter inch in diameter, which was fuzzy and had in it a number of broken strands. It also appears that this particular valve cord had previously been broken and tied together — a condition which

had been observed by one of the defendant's patrons, other than the plaintiff, more than a week prior to the plaintiff's accident.

When the tank was nearly full the plaintiff released his hold on the valve cord to stop the flow of oil. After ascertaining by examination that the tank would hold 200 gallons more, he again wound the cord around his gloved hand and pulled the valve cord to release the flow. As he did so the cord broke and he fell from his kneeling position on the catwalk to the concrete surface below. A witness who was filling a tank truck at an adjoining platform, and who had noticed the plaintiff " squatting " on the catwalk and " pulling the rope ", saw the plaintiff fall from the catwalk and upon going to his aid found his body on the paved surface of the plant floor with a piece of the broken valve cord in his hand " tied up around his fist, his hand * * * it was wound around the glove." That witness described the condition of the valve cord as follows:

" Q. Now, describe the condition of that rope as you saw it there that day. A. Well, the rope had a knot at the end of the rope and then about, I should say, about six to ten inches another knot, then further up where the rope was broken there was another knot, that the rope was broken before that, and it was tied together. * * *

" Q. Tell me with reference to the break that you say was there, other than the break at the time of Betzag's accident, was it above the piece that you picked off the ground or was it below the end of the piece you picked off of the ground? A. The break was below.

" Q. How far below? A. Oh, I would say about eight or nine inches.

" Q. Now, how far from the end of the rope with the knot on it, which I presume is the one that you pull * * *, how far above those knots was the break that you say was there before the one at the time Betzag fell? A. I would say about three foot, more or less.

" Q. As you looked at the rope can you tell us what the condition of it was? A. Yes.

" Q. Well, what was it? A. *The rope had all fuzz on it. In other words, a lot of the strands had been broken.*

"Q. Was that for the entire length of the rope or just confined to where the rope was broken with Betzag? A. *No, it was in various spots.*

" Q. In various spots of the pieces of rope that you picked up? A. That is correct." (Emphasis supplied.)

The facts mentioned above, of which evidence was properly received at the trial, were sufficient, if believed by the jury, to permit it to determine the question of fact whether, in the exercise of reasonable care for the safety of the plaintiff — a business invitee — the proximate cause of plaintiff's injuries was the defendant's failure to maintain its tank-filling equipment in a safe condition, with special reference to the condition of the valve cord which it made available for plaintiff's use.

Asserting in its brief that the record contains no proof that plaintiff fell or was thrown off balance " ' *as a result* ' " of the breaking of the valve cord, the following suggestions are made by the defendant: That all of the testimony by plaintiff and his witnesses is equally open to the inference that plaintiff's rubber boots caused him to slip on some slippery substance on the catwalk immediately before he pulled the cord to open the valve; or that he slipped after the valve cord broke and not as a result of the breaking of the cord; or that after he slipped he exerted a stronger pull on the cord than was necessary to keep the valve open and that in doing so he broke the cord by his own weight. These various inferences suggested by the defendant disregard the rule that — " The plaintiff was not required to offer evidence which positively excluded every other possible cause of the accident." (*Rosenberg* v. *Schwartz*, 260 N. Y. 162, 166, *supra; Ingersoll* v. *Liberty Bank of Buffalo*, *supra*, p. 7.) Likewise, the defendant's suggestions are made without heed to the rule that where, as in this case, the complaint has been dismissed on the law, we are required to give " the plaintiff the benefit of every favorable inference which can reasonably be drawn " from facts proven. (*De Wald* v. *Seidenberg*, 207 N. Y. 335, 336–337; *Faber* v. *City of New York*, 213 N. Y. 411, 414, *supra*.) Finally, we think the defendant's suggested inferences as to causation are made unavailing by the rule which we had occasion to apply in *Dillon* v. *Rockaway Beach Hosp.* (*supra*, p. 179) that — " Circumstantial evidence is sufficient if it supports the inference

of causation or of negligence even though it does not negative the existence of *remote* possibilities that the injury was not caused by the defendant or that the defendant was not negligent." Here — where the complaint has been dismissed on the law, as in the *Dillon* case (*supra,* p. 179) — we think it enough that plaintiff upon the trial came forward with evidence of facts and conditions from which the defendant's negligence and " the causation of the accident by that negligence may be reasonably inferred."

In the circumstances disclosed by this record we cannot say as a matter of law, as did the Appellate Division, that the accident which befell the plaintiff was not one within the reasonable range of anticipation.

The judgment should be reversed, with costs, and the case remitted to the Appellate Division for further proceedings not inconsistent with this opinion.

LOUGHRAN, Ch. J., CONWAY, DESMOND, DYE and FULD, JJ., concur.

Judgment reversed, etc. [See 298 N. Y. 916.]