JANE E. BETZAG, as Administratrix of the Estate of JOHN A. BETZAG, Deceased, et al., Appellants, *v.* GULF OIL CORPORATION, Respondent.

Argued March 1, 1950; decided June 1, 1950.

*John W. MacDonald, Thomas J. P. Cawley, Horace E. White-side* and *Rudolf B. Schlesinger* for appellant.

*Matthew S. Gibson, Frederick L. Scofield* and *Henry Cohen* for respondent.

*Per Curiam.* When the Appellate Division for the Second Department initially reversed " on the law and the facts ", it wrote a memorandum, explicitly referred to in the order

(Civ. Prac. Act, § 607), in which, after ruling that the complaint should be dismissed because of the insufficiency of the evidence, it declared — " although in any event a new trial would be granted because of the excessiveness of the verdict." (272 App. Div. 935, 936.) This court regarded and treated the reversal — particularly in the light of the general practice followed by that Appellate Division — as one upon the law and only upon that aspect of the facts which related to the excessiveness of the verdict. Consequently, our remission to the Appellate Division in January of 1949 (298 N. Y. 358) was for the limited purpose of having that court consider the fact with which the Appellate Division had indicated disagreement, namely, the question as to amount of damages.

Lacking clarity, our remittitur of January 13, 1949, failed to express our decision in terms indicating our intention, with the result that when the matter was again before the Appellate Division, it reversed " on the facts " generally and proceeded to grant a new trial (275 App. Div. 770).

To remedy the situation and to have our remittitur of January 13, 1949, reflect this court's decision and purpose, we shall recall our remittitur so that it may be amended to provide that the judgment of the Appellate Division be reversed, with costs, and that the case be remitted to the Appellate Division to take such further proceedings not inconsistent with our opinion for the purpose of having that court deal only with the excessiveness of the verdict.

Accordingly the order of the Appellate Division should be reversed, with costs.

Return of remittitur of January 13, 1949, requested and when returned it will be amended to read as follows:

" Judgment of Appellate Division reversed, with costs, and the case remitted to the Appellate Division to take such further proceedings, not inconsistent with the opinion herein, for the purpose of having that Court deal only with the excessiveness of the verdict."

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur; FROESSEL, J., taking no part.

Ordered accordingly.