Appeal dismissed, without costs, in a memorandum: The court declines to pass on this matter at this time. We consider it more orderly to allow the proceeding to continue to a final order which presumably will ultimately reach this court on an appeal in due course (rather than by the intermediate procedure used in Betzag v. Gulf Oil Corp., 301 N. Y. 576, and attempted to be used here). We make it clear that we are not now passing on any question of law, fact, practice or discretion and that we are not expressing any opinion as to any question argued in these briefs. Therefore, the appeal should be dismissed, without prejudice and without costs.
Concur: Chief Judge Desmond and Judges Feed, Van Voorhis and Bebdan. Judges Dye, Burke and Scileppi dissent and vote to reverse in a separate memorandum as follows: The order of the Appellate Division should be reversed,, with costs in all courts, and the judgment of Special Term, Supreme Court, Nassau County, entered January 22, 1965, should be reinstated. When we ruled that the objection made to the opening of Exhibits 33-1 and 33-2 was insufficient as a matter of law and opened the envelopes, such action was in effect the same as if the inspector had opened such envelopes and had deposited the ballots in the proper box (Election Law, § 309). We thus foreclosed the issue of the voters’ eligibility to vote in the election there involved. All that remained was to inspect the ballot and if found valid, as a matter of fact, to count same for the candidates as marked (Election Law, § 309, subd. 2).
Cross appeal and motion for leave to appeal as to the Karrenberg ballot dismissed upon the ground that there is involved only nonreviewable discretion (Cohen and Karger, Powers of the New York Court of Appeals, p. 595).