■  In the Matter of ROGER A. DECKER, Respondent, v ROSALIE JUTKOFSKY et al., Constituting the Board of Inspectors of Election of the Town of Taghkanic, et al., Respondents, and PHILIP N. ADDABBO, Appellant.—Appeals (1) from a judgment of the Supreme Court at Special Term, entered December 18, 1979 in Columbia County, and (2) from an amended judgment of said court, entered February 15, 1980, which, in a proceeding pursuant to section 16-106 of the Election Law, directed the recanvass of the vote for the position of Town Justice in the Town of Taghkanic, the examination of two absentee ballots for any disqualifying defect, and the certification of the results thereof by the Columbia County Board of Elections. At the general election held on November 6, 1979, Roger A. Decker and Philip A. Addabbo were candidates for the office of Town Justice in the Town of Taghkanic, Columbia County. Two absentee ballot envelopes were challenged on the ground that the named absentee voters were not residents of the town. The inspectors of election voted on the challenge and the result was a tie. Rather than marking the words "not sustained" on the challenged envelopes and casting the ballots, as required on a tie vote (Election Law, § 8-506, subd 2), the inspectors returned them unopened to the county board of elections. Upon a canvass of the votes, respondent Addabbo was declared the winner by a vote of 213 to 212. On November 19, 1979 petitioner Decker commenced this proceeding seeking a recanvass, with an inclusion of the two absentee ballots. In opposition, Addabbo raised the alleged nonresidency of the two absentee voters. Special Term declined to rule on that question, holding that it lacked the power to determine underlying factual issues on such a challenge in a section 16-106 proceeding. It thereupon ordered a recanvass in which the two absentee ballots were cast. This produced a reversal of the prior result: Decker became the apparent winner by a vote of 214 to 213. Upon application for a rehearing, the court considered the matter as one to renew and adhered to its original decision, but amended its judgment by granting the county board of elections a limited right to examine those ballots to ascertain if any disqualifying defect appeared on the face of either. Any further inquiry concerning the residency of the voters was not allowed. This appeal ensued and the narrow issue presented is whether a dispute over the residency of a challenged absentee voter may be resolved through a factual hearing before Special Term in a post election proceeding. Without question, the general rule is that once an absentee ballot has been cast and commingled with others, it is too late to raise or examine the question of voter qualification, for the secrecy of the franchise

must be preserved and there is no way to identify any particular ballot (cf. *Matter of Corrigan v Board of Elections of Suffolk County*, 38 AD2d 825). Accordingly, the duty to pass on a timely challenge is imposed on the local inspectors of election (Election Law, § 8-506). Having failed to sustain the instant challenges, the board of inspectors was obliged to cast both ballots, provided they were otherwise valid (Election Law, § 8-506, subd 2; §§ 9-104, 9-112). However, its failure to do so preserved the challenges which had arisen for later judicial review on the merits (see *Matter of Altimari v Meisser*, 15 NY2d 686; 15 NY2d 964; 16 NY2d 629; *Matter of Ruffo v Margolis*, 61 AD2d 846, 847; contra, *Matter of O'Shaughnessy v Monroe County Bd. of Elections*, 15 AD2d 183, 188). The amended judgment should, therefore, be modified by reversing so much thereof as provided that, in the absence of any defect appearing on the face of either challenged ballot, the respondent Columbia County Board of Elections might not reject the same, and by adding thereto a provision that in such event the board should conduct a hearing to determine the qualifications and eligibility of the challenged absentee voters to vote as residents of the Town of Taghkanic. Amended judgment modified, on the law, by reversing so much thereof as provided that in the absence of any defect appearing on the face of either challenged ballot the respondent Columbia County Board of Elections might not reject the same and by adding thereto a provision that in such event the Columbia County Board of Elections should conduct a hearing to determine the qualifications and eligibility of the challenged absentee voters to vote as residents of the Town of Taghkanic, and, as so modified, judgment and amended judgment affirmed, without costs. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Casey, JJ., concur.