■ In the Matter of MYRA C. DORMAN, Appellant, v GEORGE SCARINGE et al., as Commissioners of the Albany County Board of Elections, et al., Respondents. [635 NYS2d 725] —Per Curiam. Appeal from a judgment of the Supreme Court (Teresi, J.), entered December 7, 1995 in Albany County, which, in a proceeding pursuant to Election Law § 16-106, *inter alia*, granted a cross motion by respondent John B. Geurtze, Jr. to dismiss the petition.

Petitioner and respondent John B. Geurtze, Jr. were opposing candidates for the office of Supervisor of the Town of Rensselaerville, Albany County, in the November 7, 1995 general election. For reasons undisclosed in the record, the Albany County Board of Elections directed, by letter, the return of certain absentee ballots to the Board of Elections. On November 15, 1995, a canvass pursuant to Election Law § 9-209 was conducted and several absentee and affidavit ballots, which were unchallenged, remained unopened after the Board of Elections failed to agree upon whether to open the ballots. The ballots were set aside to be cast pursuant to Election Law § 9-209 (2) (d).

Petitioner commenced this proceeding pursuant to Election Law § 16-106 to prevent the casting of the ballots. Geurtze cross-moved to dismiss the petition and to compel that the subject ballots, 12 absentee and three affidavit ballots, be opened and counted. Finding that the record was devoid of any challenges and that the ballots were unchallenged pursuant to Election Law § 8-506, Supreme Court directed that the ballots be cast and dismissed the petition. Petitioner appeals.

The record reveals that the disputed ballots were not challenged. Contrary to petitioner's contention, the return of the unopened absentee ballots by the Board of Elections Inspectors of the Town of Rensselaerville does not suggest an intention to challenge the ballots. The Inspectors were merely complying with the written directive of the Board of Elections. The Board of Elections canvassed the ballots on November 15, 1995 pur-

suant to Election Law § 9-209. Again, there is no record of a challenge. Petitioner, who bears the burden of proof (*see, Matter of Ruffo v Margolis*, 61 AD2d 846) while challenging the residency of the absentee voters,* has failed to identify what, if any, challenges were made to the ballots. Geurtze, on the other hand, affirmatively established that no challenges were made before the Board of Elections.

Election Law § 9-209 (2) (a) (1) requires a board of elections acting as a central board of inspectors to consider, cast and canvass the ballots as nearly as practicable in the manner provided for the consideration of absentee ballots at a polling place. As the record reveals that no challenges were made and, accordingly, all objections to these ballots were waived, Supreme Court lacked jurisdiction to hear the challenges in the first instance (*see, Matter of Gates v Scaringe*, 105 AD2d 543, *lv denied* 63 NY2d 609; *Matter of O'Shaughnessy v Monroe County Bd. of Elections*, 15 AD2d 183, 188; *cf., Matter of Decker v Jutkofsky*, 77 AD2d 733). Accordingly, Supreme Court properly dismissed the petition and directed that the 15 disputed ballots be cast and canvassed.

Mercure, J. P., White, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.

(December 19, 1995)

---

* Petitioner attacks several of the applications for absentee ballots; however, she fails to submit proof of any irregularity with respect to the applications, making only ambiguous observations and unsupported allegations concerning the stated need for the absentee ballot.