OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and a new trial granted.
 

 To establish a prima facie case of negligence based wholly on circumstantial evidence, "[i]t is enough that [plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred”
 
 (Ingersoll v Liberty Bank,
 
 278 NY 1, 7). The law does not require that plaintiff’s proof "positively exclude every other possible cause” of the accident but defendant’s negligence
 
 (ibid,
 
 [quoting
 
 Rosenberg v Schwartz,
 
 260 NY 162, 166]). Rather, her proof must render those other causes sufficiently "remote” or "technical” to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence
 
 (see, e.g., Spett v President Monroe Bldg. & Mfg. Corp.,
 
 19 NY2d 203, 205;
 
 Market v Spencer,
 
 5 NY2d 958,
 
 affg without opn
 
 5 AD2d 400).
 

 Although plaintiff may in her attempt to meet that burden include proof tending to negate the significance of other
 
 *745
 
 possible causes
 
 (see, Spett v President Monroe Bldg. & Mfg. Corp.,
 
 19 NY2d, at pp 204-205,
 
 supra),
 
 we have on numerous occasions upheld or reinstated a jury’s verdict where the logic of common experience itself, as applied to the circumstances shown by the evidence, led to the conclusion that defendant’s negligence was the cause of plaintiff’s injury. Thus, in
 
 Betzag v Gulf Oil Corp.
 
 (298 NY 358), although it was possible that plaintiff lost his balance while kneeling atop an oil tanker and pulling taut a frayed rope, common sense made it more likely that he fell when the rope suddenly snapped, or so the jury could find, and in
 
 Maresca v Lake Motors
 
 (25 NY2d 716,
 
 affg without opn
 
 36 AD2d 533), it was for the jury to say whether defendant’s car, traveling in a lane parallel with the truck driven by plaintiff’s decedent, collided with the truck because defendant crossed into its lane or because decedent’s truck veered into defendant’s car. This is such a case.
 

 Here, as in
 
 Haber v Cross County Hosp.
 
 (37 NY2d 888, 889,
 
 on remand
 
 50 AD2d 885,
 
 appeal dismissed
 
 38 NY2d 1001), plaintiff established her prima facie case by proof of the hospital’s rule requiring that the side rails on the bed of a patient over 70 years of age be maintained in raised position at all times and by evidence (viewed in the light 'most favorable to plaintiff, as it must be,
 
 Betzag v Gulf Oil Corp.,
 
 298 NY, at p 364,
 
 supra)
 
 from which the jury could reasonably conclude that it was more likely that a hospital staff person had lowered the bed rails than that plaintiff’s decedent, a weak and elderly patient who required assistance in getting out of bed, who remembered only that she had rolled over and who had landed face down on the floor parallel to the lowered bed rail, had done so. The more particularly is this so because the location of the spring latch (at the foot of the bed), the force required to effect its release and the patient’s deteriorated physical condition tended to prove that she was not able to lower the rail.
 

 Plaintiff was not required to prove the exact nature of defendant’s negligence
 
 (Markel v Spencer, supra),
 
 nor did her deposition testimony, read into evidence by defendant, that she knew how to lower the bed rails and had on occasion done so, require dismissal of plaintiff’s case for the jury could have concluded that her reference to the "button” involved was to the device for lowering or raising the bed mattress, not to the spring latch which had to be released before the bed rail could be lowered.
 

 Chief Judge Wachtler and Judges Meyer, Simons, Kaye,
 
 *746
 
 Alexander, Titone and Hancock, Jr., concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.