OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with
 
 *937
 
 costs, and the matter remitted to the Appellate Division for consideration of the facts and issues raised but not determined on appeal to that Court.
 

 Plaintiff Kenneth Gayle was injured when his car skidded on a wet roadway and collided with a parked trailer. There were no eyewitnesses to the accident, and, as a result of injuries sustained in the accident, Gayle had a limited recollection of the accident. Relying primarily on circumstantial evidence, plaintiffs argued that a large puddle formed on the roadway due to defendant’s negligence in maintaining a proper drainage system and that this was a proximate cause of the accident. The jury returned a verdict for plaintiffs and absolved plaintiff Kenneth Gayle of all negligence. In a 3-2 decision, the Appellate Division reversed the judgment and dismissed the complaint, finding that plaintiffs failed to meet their burden of proof, as charged by the trial court, on the issue of proximate cause. The majority concluded that “[t]here are many other just as plausible variables and factors which could have caused or contributed to the accident * * * none of which were ruled out by the plaintiffs”
 
 (Gayle v City of New York,
 
 247 AD2d 431).
 

 The Appellate Division erred in determining that plaintiffs were required to rule out all plausible variables and factors that could have caused or contributed to the accident. Plaintiffs need not positively exclude every other possible cause of the accident. Rather, the proof must render those other causes sufficiently “remote” or “technical” to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence
 
 (see, Schneider v Kings Highway Hosp. Ctr.,
 
 67 NY2d 743, 744). A plaintiff need only prove that it was “more likely”
 
 (id.,
 
 at 745) or “more reasonable”
 
 (Wragge v Lizza Asphalt Constr. Co.,
 
 17 NY2d 313, 321) that the alleged injury was caused by the defendant’s negligence than by some other agency. The expert testimony, physical evidence and Gayle’s testimony provided a basis in the record from which the jury could conclude that defendant’s negligence was a proximate cause of the automobile accident. Plaintiffs met their- burden of proving a prima facie case as a matter of law.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, with costs, and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the memorandum herein.