■ DENISE HELLER, Appellant, v BETH ISRAEL MEDICAL CENTER et al., Respondents. [683 NYS2d 15] —Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered July 3, 1997, which granted leave to defendants to renew and reargue their motions for summary judgment, and, upon renewal and reargument, granted defendants' motions for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motions for summary judgment denied and the complaint reinstated.

Plaintiff was a patient at Beth Israel Medical Center when she stepped on a glass capillary tube on the floor by her bed; the tube became lodged in her foot and a glass sliver remained imbedded in her foot until detected by X-rays two months later. It is undisputed that, during the time plaintiff occupied the room, neither she nor the patient with whom she shared the room underwent a "finger-prick" procedure requiring the use of such a tube. In addition to showing that no capillary tube was used in plaintiff's room, an enclosed area (*compare, Gordon v American Museum of Natural History*, 67 NY2d 836), during her stay, plaintiff's proof also showed that capillary tubes were among the medical supplies kept "under lock and key," accessible only to certain staff and to be disposed of in a certain manner.

Plaintiff's complaint against the hospital and Marriott, the company with which the hospital contracted for daily housekeeping services, alleged that defendants had been negligent in allowing a used capillary tube to appear and remain on the floor of her room. Following discovery, defendants moved for summary judgment to dismiss the complaint. By order entered December 19, 1996, after extended oral argument, the IAS Court denied defendants' motions, finding that, while the case seemed "extremely weak," nonetheless there was sufficient evidence submitted by plaintiff on the issue of constructive notice to warrant denying summary judgment as to Marriott; the court denied summary judgment to the hospital with respect to plaintiff's medical malpractice claim (relating to the sliver that was initially undetected) and did not address the negligence claim against the hospital concerning the presence of the tube in plaintiff's room.

Thereafter, the court granted defendants' motions for renewal and reargument on the same papers and, following oral argument (during which the medical malpractice claim was withdrawn), granted summary judgment. This time, the court concluded there was insufficient evidence of constructive notice as to Marriott and dismissed the complaint as to both defendants without directly addressing the negligence claim as to the hospital.

We find that it was error to grant summary judgment and dismiss the complaint. Plaintiff has submitted sufficient evidence, as the IAS Court initially found, to create a triable issue of fact as to the alleged negligence of both defendants in connection with how a used capillary tube came to be present and remain on the floor of her hospital room. Notwithstanding defendants' strenuous arguments to the contrary, we note that, even at trial, where plaintiff must produce sufficient circumstantial evidence from which defendants' negligence may be reasonably inferred, she need not eliminate every conceivable possibility inconsistent with the desired inference in order to prevail, nor even prove "the exact nature of defendant's negligence" (*Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 745). Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.