■ ANGELA S. ROCKHILL, as Administrator of the Estate of JOHN S. ROCKHILL, SR., Deceased, Appellant, v PHILIP L. PICK-

ERING, SR., as Administrator of the Estate of PHILIP L. PICKER-ING, JR., Deceased, Respondent. [714 NYS2d 598] —Mercure, J. P. Appeal from a judgment of the Supreme Court (Lahtinen, J.), entered March 21, 2000 in Franklin County, upon a dismissal of the complaint at the close of plaintiff's case.

Plaintiff brought this action to recover for the wrongful death of decedent John S. Rockhill, Sr. (hereinafter Rockhill), due to the alleged negligence of defendant's decedent, Philip L. Pickering, Jr. (hereinafter Pickering). Tragically, Rockhill and Pickering were both killed while performing mechanical work on Pickering's car. Their bodies were found underneath the car, Pickering on the driver's side and Rockhill on the passenger's side. It appears that during the course of the repair work, the vehicle's drive shaft was disconnected, thereby causing the vehicle to roll back off the ramps that had been used to elevate the front wheels and onto Rockhill and Pickering. Both died of asphyxiation due to compression of the chest. At the conclusion of plaintiff's case, Supreme Court dismissed the complaint pursuant to CPLR 4401 upon the ground that the evidence presented by plaintiff was insufficient to establish which of the men had driven the car up onto the ramps, failed to set the emergency brake or disconnected the drive shaft. Plaintiff appeals.

We affirm. As a threshold matter, we note that the relaxed standard of proof generally applicable in a wrongful death action (*see, Noseworthy v City of New York*, 298 NY 76) does not apply here. Inasmuch as the accident was unwitnessed and both participants were killed, the parties have equal access to the underlying facts and the essential predicate for the *Noseworthy* doctrine is therefore lacking (*see, Orloski v McCarthy*, 274 AD2d 633, 634; *Ether v State of New York*, 235 AD2d 685, 687; *Wright v New York City Hous. Auth.*, 208 AD2d 327, 332).

On the merits, we agree with Supreme Court that plaintiff was unable to come forward with sufficient evidence to establish which one of the men was driving the Pickering vehicle when it was placed on the ramps, failed to set the emergency brake, placed a chock behind a rear wheel, or disconnected the drive shaft. In our view, evidence that Pickering drove his car to the site on the date of the accident, that it was his general practice to perform his own repairs, that he owned the ramps and chock that were in use at the time of the accident and that tools and car parts were found on the driver's side of the vehicle following the accident is insufficient to give rise to a reasonable inference that Pickering, as opposed to Rockhill, committed the negligent acts. Given both men's position under the car

and their apparent joint involvement in the repair activity, for the jury to assign responsibility to either one of them would have required it to engage in speculation (*see, Johnson v Sniffen*, 265 AD2d 304; *cf., Gayle v City of New York*, 92 NY2d 936).

Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.