■ TODD J. BRANDON, Appellant, v JOHN SCHMITS et al., Respondents, et al., Defendants. [718 NYS2d 749] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff commenced this action seeking to recover damages for injuries he sustained in the swimming pool at the house of defendants John Schmits and Jane Schmits. Plaintiff asserts that defendant Bradley A. Schmits collided with plaintiff when Bradley dove into his parents' swimming pool. Plaintiff appeals from those parts of an order of Supreme Court that granted the respective motions of Bradley and his parents for summary judgment dismissing the amended complaint against them.

The court properly granted the motion of John and Jane Schmits. They established that no conduct on the part of their son or the other guests who were using the swimming pool placed them on notice of any danger to plaintiff, and plaintiff failed to raise an issue of fact in that regard. Thus, they were under no duty to control the conduct of those using the pool (*see, D'Amico v Christie,* 71 NY2d 76, 85; *Huyler v Rose,* 88 AD2d 755, *appeal dismissed* 57 NY2d 777).

The court erred, however, in granting Bradley's motion. Although Bradley met his initial burden on the motion, plaintiff raised an issue of fact whether Bradley was the individual who dove into the pool and struck plaintiff. In opposition to the motion, plaintiff submitted his own deposition testimony that a person had collided with him in the pool. He also submitted undisputed evidence that the person who immediately followed him off the diving board was Bradley; that no one else jumped or dove into the pool after plaintiff and Bradley dove; and that, when plaintiff was injured, Bradley was the only person in the pool who had not preceded plaintiff into the water. "To estab-

lish a prima facie case based solely on circumstantial evidence, it is enough that plaintiff shows facts and conditions from which negligence of defendant and causation of the accident may reasonably be inferred" (*Kadyszewski v Ellis Hosp. Assn.*, 192 AD2d 765, 766; *see, Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744; *Ingersoll v Liberty Bank*, 278 NY 1, 7; *DiFranco v Golub Corp.*, 241 AD2d 901; *cf., Thomas v New York City Tr. Auth.*, 194 AD2d 663). Viewing the evidence in the light most favorable to plaintiff (*see, DiFranco v Golub Corp., supra*, at 902), we conclude that plaintiff raised an issue of fact sufficient to defeat Bradley's motion. We therefore modify the order by denying the motion of Bradley and reinstating the amended complaint against him. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Green, J. P., Hayes, Hurlbutt, Kehoe and Balio, JJ.