■ David Bardi, Appellant, v City of New York, Respondent. [739 NYS2d 747] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Barasch, J.), dated March 12, 2001, which, upon an order of the same court, dated December 18, 2000, granting the defendant's motion to set aside a jury verdict in his favor and against it, and for judgment as a matter of law, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

To establish a prima facie case based on circumstantial evidence, the plaintiff must show "facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred" (*Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744 [internal quotation marks omitted]). Although the plaintiff is not required to positively exclude every other possible cause of the accident to sustain this burden, "the proof must render those

other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Gayle v City of New York,* ·92 NY2d 936, 937; *Schneider v Kings Highway Hosp. Ctr., supra*).

Contrary to the plaintiff's contention, the trial court properly granted the motion to set aside the jury verdict, and entered judgment in favor of the defendant City of New York upon the ground that the circumstantial evidence presented failed to establish that the City created the excavation ditch which caused the accident. The evidence that no permit was issued to excavate the sidewalk where the accident occurred, and that only the City and its agencies may do such work without a permit, was insufficient to render the possibility that a private construction company performed the excavation work without obtaining the proper permit "remote" or "technical." Accordingly, the plaintiff failed to establish a prima facie case against the City based on the theory that it created the dangerous condition which caused his fall (*see Mendoza v 685 Sterling Realty Corp.,* 284 AD2d 437; *Rockhill v Pickering,* 276 AD2d 1002, 1003-1004; *Gomes v Courtesy Bus Co.,* 251 AD2d 625, 626-627). Ritter, J.P., O'Brien, Krausman and Adams, JJ., concur.