■ ALBERT NIGRI, Appellant, v CITY OF NEW YORK, Respondent. [742 NYS2d 371] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated December 7, 2000, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was driving on Shore Parkway in Brooklyn on a windy day when a piece of debris flew into his right eye, causing injury. The plaintiff commenced the instant action against

the defendant, alleging that the unidentified object which struck him had been expelled by a tractor which was being used by one of the defendant's employees to cut grass alongside the road. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We affirm.

The defendant demonstrated its prima facie entitlement to judgment as a matter of law by showing that there was no evidence that the conduct of its employees caused the plaintiff's injury (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320). To establish a prima facie case of negligence based on circumstantial evidence, the plaintiff was required to prove that it was "more likely" or "more reasonable" that the alleged injury was caused by the defendant's negligence than by some other agency (*see Gayle v City of New York*, 92 NY2d 936; *Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743). Since the plaintiff did not offer sufficient proof to render other plausible causes of the accident sufficiently remote, the Supreme Court properly found that no triable issue of fact exists as to whether the conduct of the defendant's employees caused his injury (*see Gomes v Courtesy Bus Co.*, 251 AD2d 625). Florio, J.P., Smith, Krausman and Townes, JJ., concur.