■ ROBERT L. DUNN, Respondent, v CITY OF NEW YORK, Appellant, et al., Defendant. [752 NYS2d 895] —In an action, inter alia, to recover damages for personal injuries, the defendant City of New York appeals (1), as limited by its brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), dated May 10, 2001, as denied that branch of its motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiff and against it on the issue of liability, and (2) from an interlocutory judgment of the same court, entered October 30, 2001, upon the jury verdict.

Ordered that the order and interlocutory judgment are affirmed, with one bill of costs.

Contrary to the appellant's contention, the plaintiff introduced sufficient evidence from which a rational jury could have concluded that it was "more likely" or "more reasonable" that a vehicle crossed over to the plaintiff's side of the road, and caused an accident because of the appellant's negligent design and signage of the area rather "than by some other agency" (*Gayle v City of New York,* 92 NY2d 936, 937; *see Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743). Furthermore, the jury determination that an oncoming vehicle entered the plaintiff's lane of traffic was not against the weight of the evidence since it was supported by a "fair interpretation" of the evidence adduced at trial (*Nicastro v Park,* 113 AD2d 129).

Finally, under the circumstances of this case, reversal is not warranted on the basis of the trial court's erroneous admission of testimony regarding alleged prior accidents at the subject intersection (*see Grcic v City of New York,* 139 AD2d 621; *Giordano v MacMurray Motors,* 18 AD2d 916). Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.