■ VERONICA COLLINS, Appellant, v CITY OF NEW YORK, Defendant, and GEORGE A. FULLER COMPANY, Respondent. (And a Third-Party Action.) (Action No. 1.) VERONICA COLLINS, Plaintiff, v THOMSEN CONSTRUCTION COMPANY, INC., et al., Defendants. (Action No. 2.) VERONICA COLLINS, Appellant, v STATESIDE CONSTRUCTION CORP. et al., Defendants, and UNITED IRON, INC., Respondent. (Action No. 3.) [759 NYS2d 349] —In three related actions to recover damages for personal injuries, the plaintiff appeals in Action Nos. 1 and 3, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated April 24, 2002, as granted the separate motions of George A. Fuller Company, a defendant in Action No. 1 and United Iron, Inc., a defendant in Action No. 3, which were for summary judgment dismissing the complaints in those actions insofar as asserted against those defendants.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff was injured when a glass pane fell out of a window and cut her hand. She alleges that the defendants negligently left the window open during renovations and that the defendants left the window in a defective condition. The defendants George A. Fuller Company and United Iron, Inc. (hereinafter the respondents), demonstrated their prima facie entitlement to judgment as a matter of law by showing that the conduct of their respective employees did not cause the plaintiff's injury (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). In opposition, the plaintiff relied on circumstantial evidence that employees of the respondents left the allegedly defective window open. This assumes that merely leaving the window open is a sufficient predicate for liability, a point we need not decide. To establish a prima facie case of negligence based on circumstantial evidence, the plaintiff was required to prove that it was "more likely" or "more reasonable" that the alleged injury was caused by the respondents' negligence than by some other agency (*see Nigri v City of New York*, 294 AD2d 477, 478 [2002]; *cf. Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744 [1986]). The plaintiff did not offer sufficient proof to render other plausible causes of the accident sufficiently remote. Therefore, the Supreme Court properly found that there is no triable issue of fact as to whether the respondents are liable for her injury. Florio, J.P., Schmidt, Townes and Crane, JJ., concur.