■ BRIAN O'CONNOR et al., Appellants, v LAKEVIEW ASSOCIATES, LLC, et al., Respondents. [761 NYS2d 858] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (Hickman, J.), dated July 31, 2002, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Brian O'Connor allegedly slipped and fell on a patch of ice on a walkway at the Lakeview Plaza Shopping Center. The plaintiffs argue that a dangerous condition was created by the defendants since the ice was formed when water dripped onto the walkway from a leak in the overhang, and

that a previous leak had been improperly repaired some months before this incident at the same location.

In opposition to the defendants' prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that there was circumstantial evidence that the injuries sustained by Brian O'Connor were caused by the defendants' negligence. Since the plaintiffs' submissions did not render other plausible causes of the accident sufficiently remote, the Supreme Court correctly determined that no triable issue of fact exists as to whether the defendants caused the injuries (*see Gayle v City of New York,* 92 NY2d 936 [1998]; *Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743 [1986]; *Nigri v City of New York,* 294 AD2d 477 [2002]; *Dwoskin v Burger King Corp.,* 249 AD2d 358 [1998]). Santucci, J.P., Goldstein, H. Miller and Schmidt, JJ., concur.