THOMAS UTTARO, Respondent, v STATEN ISLAND UNIVERSITY HOSPITAL, Appellant. [910 NYS2d 134]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated October 15, 2009, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

While the plaintiff was present in the defendant hospital's emergency department speaking with a doctor about the status of his brother-in-law, who had been taken to the hospital earlier that morning, an unidentified individual, who was pushing the plaintiff's brother-in-law on a gurney, pushed the gurney into

the plaintiff's knee, injuring him. The plaintiff commenced this action to recover damages for personal injuries, and the defendant moved for summary judgment dismissing the complaint.

The defendant demonstrated its entitlement to judgment as a matter of law through evidence that the plaintiff was unable to identify the individual responsible for the accident, that the defendant had attempted to identify that individual but could not identify him as a hospital employee, and that numerous independent "transport carriers and first responders," such as the New York City Fire Department Emergency Medical Services and Richmond County Ambulance Service, "provide[d] services through the Emergency Department." This evidence was sufficient to establish, prima facie, that "the jury could not return a verdict in favor of the plaintiff without engaging in improper speculation" as to whether the defendant, as opposed to an independent transport carrier, was negligent (*Karwowski v New York City Tr. Auth.*, 44 AD3d 826, 827 [2007]; *cf. Patrick v Costco Wholesale Corp.*, 77 AD3d 810 [2d Dept 2010]; *Manning v 6638 18th Ave. Realty Corp.*, 28 AD3d 434 [2006]).

In opposition, however, the plaintiff raised a triable issue of fact through evidence that the unidentified individual was not the same individual who had transported the plaintiff's brother-in-law to the hospital, and that, at the time of the accident, his brother-in-law had already been examined by an emergency department physician and was being transported to a different part of the hospital for diagnostic testing. A jury could rationally infer from this circumstantial evidence that it was "more likely" or "more reasonable" that the unidentified individual was an employee of the defendant hospital as opposed to the employee of an independent transport carrier or first responder (*Gayle v City of New York*, 92 NY2d 936, 937 [1998] [internal quotation marks omitted]; *see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986]; *Brandon v Schmits*, 278 AD2d 843, 843-844 [2000]).

Contrary to the defendant's contention, the Supreme Court properly considered the plaintiff's submissions in opposition to the motion (*see* CPLR 2001).

Since the order of the Supreme Court did no more than deny the defendant's motion for summary judgment dismissing the complaint, the defendant's remaining contention is not properly before this Court. Skelos, J.P., Eng, Belen and Hall, JJ., concur.