# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**399**

**CA 12-02094**

PRESENT: SMITH, J.P., FAHEY, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

NEW YORK MUNICIPAL INSURANCE RECIPROCAL, AS
SUBROGOR OF COUNTY OF OSWEGO,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

CASELLA CONSTRUCTION, INC., DEFENDANT-RESPONDENT.

---

CONGDON FLAHERTY O'CALLAGHAN REID DONLON TRAVIS & FISHLINGER,
UNIONDALE (GREGORY A. CASCINO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MELISSA L.
VINCTON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered April 9, 2012. The order granted defendant's motion for summary judgment dismissing plaintiff's complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff, as subrogor of the County of Oswego, commenced this action seeking to recover damages for losses sustained when property at a landfill operated by the County of Oswego was damaged in a fire. In its complaint, plaintiff alleged, inter alia, that the fire occurred as a result of the negligence of defendant's employees, who were completing a construction project at the landfill on the date of the fire. Plaintiff appeals from an order granting defendant's motion for summary judgment dismissing the complaint. We conclude that defendant failed to meet its initial burden on the motion, and we therefore reverse the order and reinstate the complaint.

We reject the contention of defendant that it met its initial burden on the motion by establishing as a matter of law that plaintiff was unable to identify the cause of the fire without engaging in speculation. In order to establish proximate cause, "[p]laintiffs need not positively exclude every other possible cause of the accident. Rather, the proof must render those other causes sufficiently remote or technical to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence . . . A plaintiff need only prove that it

was more likely . . . or more reasonable . . . that the alleged injury was caused by the defendant's negligence than by some other agency" (*Gayle v City of New York*, 92 NY2d 936, 937 [internal quotation marks omitted]; *see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744). Furthermore, it is well settled that, in seeking summary judgment dismissing a complaint, a defendant "must affirmatively establish the merits of its . . . defense and does not meet its burden by noting gaps in its opponent's proof" (*Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980; *see Brown v Smith*, 85 AD3d 1648, 1649; *Atkins v United Ref. Holdings, Inc*., 71 AD3d 1459, 1459-1460). Here, defendant failed to meet its initial burden in support of its motion inasmuch as it failed to establish as a matter of law that its employees did not start the fire.

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court