■ Jessica Quiroz, Appellant, v 176 N. Main, LLC, Appellant, and Celso Diaz et al., Respondents. [3 NYS3d 103]—

In an action to recover damages for personal injuries, (1) the plaintiff appeals, as limited by her brief, from so much of an

order of the Supreme Court, Nassau County (Palmieri, J.), entered December 11, 2013, as granted that branch of the motion of the defendants Celso Diaz and Nuevo Amanecer Deli I Corp. which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendant 176 N. Main, LLC, separately appeals, as limited by its brief, from so much of the same order as granted that branch of the same motion which was for summary judgment dismissing all cross claims asserted by it against the defendants Celso Diaz and Nuevo Amanecer Deli I Corp.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Celso Diaz and Nuevo Amanecer Deli I Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against them is denied.

On the morning of December 17, 2008, while descending exterior steps at the rear door of her apartment building, the plaintiff slipped on one of the steps on what she described as a slippery, oily substance, and fell, sustaining injuries. The plaintiff commenced this action against the defendants 176 N. Main, LLC (hereinafter Main), which owned the property, and the defendants Celso Diaz and Nuevo Amanecer Deli I Corp. (hereinafter together the deli defendants), who leased space from Main in the subject building and operated a deli therein. The deli defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The plaintiff and Main separately opposed the deli defendants' motion. The Supreme Court granted the motion. The plaintiff and Main separately appeal.

"To prove a prima facie case of negligence in a case based on a hazardous condition, a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition" (*Bettineschi v Healy Elec. Contr., Inc.*, 73 AD3d 1109, 1109 [2010]; *see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *see also Springer v Washington Mut. Bank*, 114 AD3d 928, 929 [2014]). "To establish a prima facie case of negligence based wholly on circumstantial evidence, '[i]t is enough that [the plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred' " (*Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986], quoting *Ingersoll v Liberty Bank of Buffalo*, 278 NY 1, 7 [1938]; *see Bettineschi v Healy Elec. Contr., Inc.*, 73 AD3d at 1110; *Bardi v City of New York*, 293 AD2d 505, 505 [2002]).

"The law does not require that plaintiff's proof positively exclude every other possible cause of the accident but defendant's negligence" (*Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d at 744 [internal quotation marks omitted]; *see Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Bardi v City of New York*, 293 AD2d at 505-506). "Rather, [the plaintiff's] proof must render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d at 744; *see Gayle v City of New York*, 92 NY2d at 937; *Figueroa v City of New York*, 5 AD3d 432, 433 [2004]; *Michel v Gressier*, 298 AD2d 507, 508 [2002]; *Bardi v City of New York*, 293 AD2d at 506). "A plaintiff need only prove that it was more likely or more reasonable that the alleged injury was caused by the defendant's negligence than by some other agency" (*Gayle v City of New York*, 92 NY2d at 937 [internal quotation marks and citations omitted]; *see Uttaro v Staten Is. Univ. Hosp.*, 77 AD3d 916, 917 [2010]; *Nigri v City of New York*, 294 AD2d 477, 478 [2002]).

Here, contrary to the Supreme Court's determination, the deli defendants failed to establish their prima facie entitlement to judgment as a matter of law. In support of their motion, the deli defendants submitted, inter alia, photographs of the subject stairs and the transcripts of the deposition testimony of the plaintiff and Diaz. The photographs submitted by the deli defendants, which Diaz testified accurately depicted how the area appeared on the day of the plaintiff's accident, reveal that the rear door to the residential portion of the building, where the plaintiff lived, and the rear door to the commercial portion of the building, where the deli was located, were on adjacent sides of the building, in close proximity to one another. Outside of each door were three or four steps leading to the ground. The photographs also show that a waste oil barrel was located next to the stairs leading to the door of the residential portion of the building. In her deposition testimony, the plaintiff described the substance on which she slipped as a wet, shiny, slippery, oily liquid that had a bad smell, like "used old food, oil." In his deposition testimony, Diaz acknowledged that, every week, he transported used cooking oil from the deli's kitchen to the waste oil barrel behind the building. Diaz testified that, when he transported the oil to the waste oil barrel, the five-gallon container in which he carried the oil was uncovered. Diaz also testified that he was the only person who performed the task of transporting and disposing of the used cooking oil.

On this record, viewed in the light most favorable to the

nonmoving parties (*see Green v Quincy Amusements, Inc.*, 108 AD3d 591, 592 [2013]; *Caggiano v Cooling*, 92 AD3d 634, 634 [2012]; *Stukas v Streiter*, 83 AD3d 18, 23 [2011]), the deli defendants failed to establish their prima facie entitlement to judgment as a matter of law (*see Bettineschi v Healy Elec. Contr., Inc.*, 73 AD3d at 1109-1110; *Cruz v New York City Hous. Auth.*, 291 AD2d 223, 224 [2002]; *see generally Gayle v City of New York*, 92 NY2d at 937; *Uttaro v Staten Is. Univ. Hosp.*, 77 AD3d at 917; *Nigri v City of New York*, 294 AD2d at 478). Although Diaz testified at his deposition that he did not spill used cooking oil on the steps and that he last disposed of oil "[a]round three days prior" to the plaintiff's accident, "[o]n a motion for summary judgment . . . , self-serving statements of an interested party which refer to matters exclusively within that party's knowledge create an issue of credibility which should not be decided by the court but should be left for the trier of facts" (*Sacher v Long Is. Jewish-Hillside Med. Ctr.*, 142 AD2d 567, 568 [1988]). Since the deli defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Palmeri v Erricola*, 122 AD3d 697 [2014]). Rivera, J.P., Dickerson, Roman and Cohen, JJ., concur.