■ Victor Hernandez et al., Appellants, v Alstom Transportation, Inc., et al., Defendants, and Matsushita Avionics Systems Corporation et al., Respondents [13 NYS3d 232]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Strauss, J.), dated March 7, 2013, as granted the motion of the defendants Matsushita Avionics Systems Corporation and Panasonic Avionics Corporation for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants Matsushita Avionics Systems Corporation and Panasonic Avionics Corporation for summary judgment dismissing the complaint insofar as asserted against them is denied.

On August 20, 2009, at 2:45 a.m., the plaintiff Victor Hernandez (hereinafter Hernandez), a New York City Transit Authority (hereinafter NYCTA) train operator, was conducting

a pre-trip inspection of subway cars when an unobserved wooden "shoe paddle" fell from atop an interior doorway of one of the cars and struck him on the head. Thereafter, Hernandez, and his wife suing derivatively, commenced this action, alleging that the shoe paddle had been negligently wedged in the doorway by an employee of the defendant Panasonic Avionics Corporation, formerly known as Matsushita Avionics Systems Corporation (sued herein as separate defendants, and hereinafter together the respondents), as a means of propping open the door while working on a modification of the train's communication software system.

The respondents moved for summary judgment dismissing the complaint insofar as asserted against them, offering the testimony of two of their employees who had been working on the modification and who denied any involvement in the incident. The employees also claimed to have observed NYCTA employees wedge the doors open with a shoe paddle on prior occasions. Conceding the absence of direct evidence of negligence, the plaintiffs opposed the motion by offering the deposition testimony of two NYCTA employees, one of whom claimed to have seen the shoe paddle wedged in the doorway while the respondents' employees were working on the train just prior to the accident. The Supreme Court determined that, in opposition to the respondents' prima facie showing of entitlement to summary judgment, the plaintiffs failed to show facts and conditions from which it could reasonably be inferred that, of the two possible scenarios, the alleged negligence of the respondents caused the injury. We reverse.

"To establish a prima facie case of negligence based wholly on circumstantial evidence, '[i]t is enough that [the plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that negligence may be reasonably inferred' " (*Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743, 744 [1986], quoting *Ingersoll v Liberty Bank of Buffalo*, 278 NY 1, 7 [1938]). "The law does not require that plaintiff's proof positively exclude every other possible cause of the accident but defendant's negligence" (*Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d at 744 [internal quotation marks omitted]; *see Gayle v City of New York*, 92 NY2d 936, 937 [1998]). "Rather, [the plaintiff's] proof must render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (*Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d at 744; *see Gayle v City of New York*, 92 NY2d at 937). "A plaintiff need only prove that it

was more likely or more reasonable that the alleged injury was caused by the defendant's negligence than by some other agency" (*Gayle v City of New York*, 92 NY2d at 937 [internal quotation marks and citations omitted]; *see Quiroz v 176 N. Main, LLC*, 125 AD3d 628, 629-631 [2015]; *Uttaro v Staten Is. Univ. Hosp.*, 77 AD3d 916, 917 [2010]).

Here, the respondents established their prima facie entitlement to judgment as a matter of law by proffering the testimony of two of their employees denying that they placed the shoe paddle in the subject door. In opposition, the plaintiffs raised a triable issue of fact by submitting the testimony from NYCTA employees, including the testimony of the cleaner of the subject train, that no NYCTA employee placed the shoe paddle in the door, and that the respondents were the only contractors present at the site during the relevant time period. The plaintiffs also submitted NYCTA records showing that as of 11:40 p.m., about three hours prior to the incident, all shoe paddles were in their holders and all doors were free and moving properly. Thus, the plaintiffs raised a triable issue of fact as to whether this circumstantial evidence gives rise to a rational inference that it was more likely or more reasonable that an employee of the respondents placed the shoe paddle in the subject door than an NYCTA employee (*see Uttaro v Staten Is. Univ. Hosp.*, 77 AD3d at 917).

Accordingly, the respondents' motion for summary judgment dismissing the complaint insofar as asserted against them should have been denied. Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.