■ WANDA SOLER, Appellant, v JERSEY BORING & DRILLING Co., INC., Respondent, et al., Defendant. [39 NYS3d 9]—

Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered June 5, 2015, dismissing the complaint, upon defendant Jersey Boring & Drilling Co., Inc.'s motion to set aside the jury verdict of liability in plaintiff's favor and against it and dismiss the complaint, unanimously reversed, on the law, without costs, and the complaint and the verdict reinstated.

The evidence presented at trial was sufficient to support the conclusion that defendant drilled the hole into which plaintiff fell (*see Schneider v Kings Hwy. Hosp. Ctr.*, 67 NY2d 743 [1986]). Although plaintiff concedes that the locations of the two documented holes drilled by defendant do not match the

location of the accident, the jury could reasonably have concluded that the third, aborted, hole, whose location was not documented, is the hole into which plaintiff fell. The hole was apparently man-made, and defendant had the only permit to drill holes in the road during the relevant period. While two witnesses testified that the subject hole was too close to the curb and too far from the other holes to have been drilled by defendant, the jury could properly have chosen not to credit this testimony due to prior inconsistent statements by one witness, a lack of personal knowledge on the part of the other, and a photograph showing work being performed near the curb. Moreover, the jury may also have drawn an adverse inference from the facts that none of defendant's own documents were produced at trial and that additional photos of defendant's work existed but were not produced (*see Seward Park Hous. Corp. v Cohen*, 287 AD2d 157, 168 [1st Dept 2001]). Contrary to defendant's assertions, evidence of satisfactory Department of Transportation inspections is not dispositive in view of the testimony elicited by plaintiff indicating that there could have been a car blocking the defect at the time of inspection.

The trial evidence was also sufficient to support the conclusion that defendant backfilled the subject hole negligently. At any rate, defendant effectively conceded this point by failing to address it in its appellate brief. Concur—Friedman, J.P., Saxe, Moskowitz, Gische and Kahn, JJ.