Cross v Roberts (2018 NY Slip Op 04530)





Cross v Roberts


2018 NY Slip Op 04530


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-04881
 (Index No. 5802/12)

[*1]Janet Olmstead Cross, respondent, 
v
Kevin Roberts, et al., defendants, J.A. Duarte Home Improvements Corp., appellant.


Wade Clark Mulcahy, New York, NY (Paul W. Vitale of counsel), for appellant.
Coughlin & Gerhart LLP, Ithaca, NY (Dirk A. Galbraith of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant J.A. Duarte Home Improvement Corp. appeals from an order of the Supreme Court, Dutchess County (James V. Brands, J.), dated March 16, 2017. The order denied that defendant's motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant J.A. Duarte Home Improvements Corp. (hereinafter the defendant), which had installed a railing on a second-story deck attached to her home. The plaintiff alleged that more than three years after the railing was installed, she fell from the deck, sustaining the injuries claimed in this action. The plaintiff could not remember the accident, but testified at her deposition that the last thing she remembered before waking up on her front lawn was being out on the deck, and upon her return home from the hospital, she discovered that the railing on the deck was detached.
The defendant moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion. The defendant appeals.
The defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law on its argument that the plaintiff cannot identify the cause of her fall. "[T]hat a defective or dangerous condition was the proximate cause of an accident can be established in the absence of direct evidence of causation and may be inferred from the facts and circumstances underlying the injury" (Buglione v Spagnoletti, 123 AD3d 867, 867; see Gayle v City of New York, 92 NY2d 936, 937; Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc., 157 AD3d 738). In such cases, the plaintiff "need not positively exclude every other possible cause of the accident" (Gayle v City of New York, 92 NY2d at 937), but "need only prove that it was more likely or more reasonable that the alleged injury was caused by the defendant's negligence than by some other [*2]agency" (id. [internal quotation marks omitted]; see Quiroz v 176 N. Main, LLC, 125 AD3d 628, 630; Uttaro v Staten Is. Univ. Hosp., 77 AD3d 916, 917).
Here, the defendant failed to eliminate triable issues of fact as to whether the alleged defect in the deck railing it installed was a proximate cause of the plaintiff's fall, given the plaintiff's deposition testimony, photographs of the condition of the deck railing following the accident, and the affidavit of the plaintiff's expert regarding alleged defective construction of the railing (see Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc., 157 AD3d 738; Pajovic v 94-06 34th Rd. Realty Co., LLC, 152 AD3d 781; Quiroz v 176 N. Main, LLC, 125 AD3d 628; Muong v 550 Ocean Ave., LLC, 78 AD3d 797; see also Gayle v City of New York, 92 NY2d at 937).
The parties' remaining contentions are without merit.
Accordingly, the defendant's motion for summary judgment was properly denied, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court