Chavez v Prana Holding Co. LLC (2021 NY Slip Op 06795)





Chavez v Prana Holding Co. LLC


2021 NY Slip Op 06795


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Acosta, P.J., Gische, Webber, Friedman, Kennedy, JJ. 


Index No. 300061/15E Appeal No. 14799 Case No. 2020-04449 

[*1]Jessica Chavez, Plaintiff-Respondent,
v
Prana Holding Company LLC et al., Defendants-Appellants.


Cascone & Kluepfel, LLP, Garden City (Beth L. Rogoff-Gribbins of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.



Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered October 14, 2020, which granted plaintiff's motion for summary judgment as to liability, unanimously affirmed, without costs.
Plaintiff established prima facie that defendants were negligent in connection with her slip and fall on an interior staircase of their building by submitting circumstantial evidence as to the accident "from which the negligence of the defendant[s] and the causation of the accident by that negligence could be reasonably inferred" (Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 744 [1986] [internal quotation marks omitted]). Plaintiff's evidence included her affidavit that after she fell, she noticed that the staircase was wet and looked as though it had been recently mopped, that there were no wet floor warning signs, and that she observed the building superintendent, whose responsibilities included mopping the stairs, standing at the top of the staircase, and her neighbor's testimony that the staircase was wet and looked as though it had just been mopped and that the superintendent was present. In opposition, defendants failed to raise an issue of fact, as they presented no evidence to rebut plaintiff's showing, and their contention that the wet condition could have been caused by something other than the superintendent was speculative.
Our affirmance of the order granting plaintiff summary judgment as to liability does not preclude defendant from offering proof of comparative negligence at trial (see Rodriguez v City of New York, 31 NY3d 312, 324 [2018]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021