Tkachuk v D&J Realty of N.Y., LLC (2025 NY Slip Op 00472)

Tkachuk v D&J Realty of N.Y., LLC

2025 NY Slip Op 00472

Decided on January 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2023-07841
 (Index No. 500587/20)

[*1]Oksana Tkachuk, et al., appellants, 
v
D & J Realty of New York, LLC, respondent, et al., defendants.

Alexander T. Shapiro & Associates, P.C., New York, NY (Stewart B. Greenspan of counsel), for appellants.
Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Jennifer B. Adler], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Joy Campanelli, J.), dated May 24, 2023. The order denied the plaintiffs' motion for summary judgment on the issue of liability against the defendant D & J Realty of New York, LLC.
ORDERED that the order is reversed, on the law, with costs, and the plaintiffs' motion for summary judgment on the issue of liability against the defendant D & J Realty of New York, LLC, is granted.
The plaintiff Oksana Tkachuk (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell inside her apartment building, which was owned by the defendant D & J Realty of New York, LLC (hereinafter the defendant), as she was descending five steps connecting the first floor hallway to the lobby area. A surveillance video showed that, at the time of the accident, the superintendent was mopping the lobby area at the foot of the steps, and shortly before the accident, he carried the wet mop over the area where the injured plaintiff fell. The injured plaintiff, and her husband suing derivatively, commenced this action, inter alia, to recover damages for personal injuries against the defendant, among others. In an order dated May 24, 2023, the Supreme Court denied the plaintiffs' motion for summary judgment on the issue of liability against the defendant. The plaintiffs appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Cuminale v 160-55 Crossbay Blvd., LLC, 229 AD3d 682, 682 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312, 324-325). "A property owner will be held liable for a slip-and-fall accident on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice of the condition and a reasonable amount of time to correct it or warn of its existence" (Cashwell v Stop & Shop Supermarket Co., LLC, 219 AD3d 795, 796; see Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). "To establish a prima facie case of negligence based wholly on circumstantial evidence, '[i]t is enough that [the plaintiff] shows facts and conditions from which the negligence of the defendant and the causation of the accident by that [*2]negligence may be reasonably inferred'" (Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d 743, 744, quoting Ingersoll v Liberty Bank of Buffalo, 278 NY 1, 7; see Simion v Franklin Ctr. for Rehabilitation & Nursing, Inc., 157 AD3d 738, 739). "The law does not require that plaintiff's proof positively exclude every other possible cause of the accident but defendant's negligence" (Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d at 744 [internal quotation marks omitted]; see Gayle v City of New York, 92 NY2d 936, 937; Quiroz v 176 N. Main, LLC, 125 AD3d 628, 630). "Rather, [the plaintiff's] proof must render those other causes sufficiently 'remote' or 'technical' to enable the jury to reach its verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence" (Schneider v Kings Hwy. Hosp. Ctr., 67 NY2d at 744; see Gayle v City of New York, 92 NY2d at 937). "A plaintiff need only prove that it was more likely or more reasonable that the alleged injury was caused by the defendant's negligence than by some other agency" (Gayle v City of New York, 92 NY2d at 937 [citations and internal quotation marks omitted]; see Uttaro v Staten Is. Univ. Hosp., 77 AD3d 916, 917).
Here, in support of their motion for summary judgment, the plaintiffs submitted a transcript of the injured plaintiff's deposition testimony, wherein she noted that after she fell, her pants and the bottom of her shirt became wet. The plaintiffs also submitted a transcript of the deposition testimony of their son, who testified that when he came to the lobby to help his mother, the floor and the stairs were wet and the stairs felt slippery under his feet. That testimony, along with the surveillance video, established the plaintiffs' entitlement to judgment as a matter of law on the issue of liability against the defendant. In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the plaintiffs' motion for summary judgment on the issue of liability against the defendant.
BARROS, J.P., MILLER, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court