(December 22, 2005)

E. PHILIP SAUNDERS, Appellant, v FARM FANS, DIVISION OF FFI CORPORATION, et al., Respondents, et al., Defendant. [807 NYS2d 241]—

Appeal from an order of the Supreme Court, Livingston County (Ronald A. Cicoria, A.J.), entered September 8, 2004. The order, insofar as appealed from, granted those parts of the motion of defendant Byron Enterprises, Inc. and the cross motion of defendant Farm Fans, division of ffi Corporation, for summary judgment dismissing the first and second causes of action against them.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion and cross motion are denied in part and the first and second causes of action against defendants Byron Enterprises, Inc. and Farm Fans, division of ffi Corporation, are reinstated.

Memorandum: Plaintiff commenced this action seeking damages in the amount of $250,000 arising from a fire in his barn, which was used to dry and store hay. According to plaintiff, the fire was caused by defective hay-drying fans manufactured by defendant Farm Fans, division of ffi Corporation (FFI), and sold by defendant Byron Enterprises, Inc. (Byron) to defendant Daniel Sprung, sued herein both individually and doing business as Sprung Fabrication Shop, who in turn sold the hay-drying fans to plaintiff. Byron moved for summary judgment dismissing the third amended complaint against it, and FFI cross-moved for summary judgment dismissing the third amended complaint and any cross claims against it. Supreme Court granted the motion and cross motion. Plaintiff did not oppose the motion and cross motion with respect to the breach of warranty cause of action and thus we do not address the propriety of the order with respect to that cause of action. We agree with plaintiff, however, that the court erred in granting the motion and cross motion with respect to the remaining two causes of action, for strict products liability and negligence.

With respect to FFI, it is well settled that a manufacturer who places a defective product on the market may be liable under the doctrine of strict products liability for injuries caused by that defect, without proof of negligence (see Codling v Paglia, 32 NY2d 330, 335 [1973]; see also Sukljian v Ross & Son Co., 69 NY2d 89, 94-95 [1986]). With respect to Byron, it is further well settled that a seller who "was regularly engaged in the business of selling the [product] in issue" may be subject to strict liability (Sukljian, 69 NY2d at 96). Although Byron contended in support of its motion that it was only a casual seller of the hay-drying fans and thus was not subject to strict products liability (see id. at 95-96), Byron on appeal has not advanced that contention. Furthermore, with respect to FFI and Byron, "[m]anufacturers and sellers in the normal course of business are liable for injuries caused by ordinary negligence, and are therefore under a duty to exercise reasonable care so as to avoid the occurrence of injuries by any product which can reasonably be expected to be dangerous if negligently manufactured or sold" (Gebo v Black Clawson Co., 92 NY2d 387, 394 [1998]). "Proof that will establish strict liability will almost

always establish negligence" (*Lancaster Silo & Block Co. v Northern Propane Gas Co.*, 75 AD2d 55, 62 [1980]).

We conclude that Byron and FFI failed to meet their initial burdens on their respective motion and cross motion with respect to the strict products liability and negligence causes of action. In support of its motion, Byron submitted the report of a fire investigator submitted by plaintiff in response to Byron's discovery demands, who indicated that the fire in plaintiff's barn started in the area of one of the hay-drying fans. In addition, Byron submitted the deposition testimony of plaintiff in which he testified that the manager of the farm told him that the flame on one of the hay-drying fans had gone out, causing gas to collect in the barn, and when the flame on the other hay-drying fan "came on[,] it exploded the gas that was collecting in the room." Byron also submitted the affidavit of an "Electrical Fire and Accident Consultant" who opined that the fire was not caused by the hay-drying fans. In support of its cross motion, FFI submitted the affidavit of an electrical consultant and engineer who opined that the fire was not caused by any defect in the hay-drying fans and there was no evidence of any malfunction or defect in either hay-drying fan. Based on the submissions of Byron and FFI, we conclude that there are issues of fact concerning the origin and cause of the barn fire, rendering summary judgment inappropriate with respect to the two causes of action at issue (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In any event, plaintiff raised issues of fact sufficient to defeat those parts of the motion and cross motion with respect to the strict products liability and negligence causes of action. Although plaintiff did not identify a particular defect in the hay-drying fans, plaintiff presented circumstantial evidence to raise issues of fact with respect to those causes of action. Plaintiff's expert opined that the fire began within one of the hay-drying fans, based on evidence concerning the timing of the fire, which began within five minutes after the hay-drying fans were activated, and the location of the greatest damage, which was adjacent to the hay-drying fan within which the fire allegedly began. The affidavit of plaintiff's expert also "eliminated" incoming electrical service and spontaneous heating as a cause of the fire and documented the destruction of the panel boxes of the hay-drying fans and their electrical wiring in the fire.

It is well established that " '[p]roof of necessary facts [in a products liability case] may be circumstantial' " (*Codling*, 32 NY2d at 337). A " 'plaintiff is not required to prove the specific defect' " (*id.*). "In order to proceed in the absence of evidence

identifying a specific [product] flaw, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants" (*Speller v Sears, Roebuck & Co.*, 100 NY2d 38, 41 [2003], citing *Halloran v Virginia Chems.*, 41 NY2d 386, 388 [1977]). In determining a motion for summary judgment, the court's role is "issue identification, not issue resolution" (*id.* at 44). Here, plaintiff raised issues of fact whether the hay-drying fans performed as intended and whether all other causes not attributed to FFI and Byron may be excluded (*see generally Zuckerman*, 49 NY2d at 562). Present—Pigott, Jr., P.J., Green, Gorski, Smith and Lawton, JJ.