■ NORTH AMERICAN SPECIALTY INSURANCE COMPANY et al., Respondents, v THOMAS SCHWANTER et al., Respondents, and RITZ CAMERA CENTERS, INC., Doing Business as BOATERS WORLD DISCOUNT MARINE, Appellant. (And a Third-Party Action.) [833 NYS2d 196]—

In a subrogation action to recover for property damage and loss of business, the defendant Ritz Camera Centers, Inc., doing business as Boaters World Discount Marine, appeals from an amended judgment of the Supreme Court, Nassau County (Brandveen, J.), dated February 9, 2006, which, upon the denial of its motion pursuant to CPLR 4401, made at the close of the plaintiffs' case, inter alia, to dismiss the complaint insofar as asserted against it for failure to establish a prima facie case, upon a jury verdict, and upon the denial of its motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the plaintiffs and against it in the principal sum of $493,329.28. The appeal from the amended judgment brings up for review the issues raised on the appeal from an order of the same court (Roberto, Jr., J.), entered August 1, 2005 (*see North Am. Specialty Ins. Co. v Schwanter*, 39 AD3d 510 [2007] [decided herewith]).

Ordered that the amended judgment is affirmed, with costs.

The Supreme Court properly determined that there were triable issues of fact and thus properly denied that branch of the appellant's motion which was for summary judgment dismissing the plaintiffs' causes of action sounding in negligence insofar as asserted against it (*see Zuckerman v City of New York*, 49

NY2d 557, 562 [1980]; *Saunders v Farm Fans, div. of ffi Corp.*, 24 AD3d 1173, 1175 [2005]; *Babino v City of New York*, 234 AD2d 241, 241-242 [1996]; *Thomas v New York City Tr. Auth.*, 194 AD2d 663, 664 [1993]).

Moreover, the circumstantial evidence adduced by the plaintiffs was legally sufficient to establish the cause and origin of the subject fire. Furthermore, the verdict was not against the weight of the evidence. Therefore, the Supreme Court properly denied the appellant's motion pursuant to CPLR 4401, made at the close of the plaintiffs' case, inter alia, to dismiss the complaint insofar as asserted against it for failure to establish a prima facie case, and its motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Tapia v Dattco, Inc.*, 32 AD3d 842, 844-845 [2006]). The circumstantial evidence was sufficient for the jury to reasonably infer that it was more likely that the appellant's negligence, rather than some other factor or occurrence, caused the subject fire, and it established that the other possible causes of the fire were sufficiently remote to enable the jury to reach its determination based on the logical inferences to be drawn from the evidence (*see Gayle v City of New York*, 92 NY2d 936, 937 [1998]; *Schneider v Kings Highway Hosp. Ctr.*, 67 NY2d 743, 744-745 [1986]; *Ingersoll v Liberty Bank of Buffalo*, 278 NY 1, 7 [1938]; *cf. Michel v Gressier*, 298 AD2d 507, 508 [2002]; *Thomas v New York City Tr. Auth.*, supra).

The parties' remaining contentions are without merit. Rivera, J.P., Ritter, Goldstein and Angiolillo, JJ., concur.