■ INSURANCE COMPANY OF STATE OF PENNSYLVANIA, as Subrogee of WALLACE LEINHARDT, Appellant, v JUST MANAGEMENT CORP., Respondent. [866 NYS2d 251]—

In a subrogation action to recover money paid by the plaintiff to its insured for property damage, the plaintiff appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Dorsa, J.), dated June 13, 2007, as, upon the granting of the defendant's motion made at the close of evidence pursuant to CPLR 4401 for judgment as a matter of law, is in favor of the defendant and against it, dismissing the complaint.

Ordered that the judgment is reversed, on the law, the defendant's motion pursuant to CPLR 4401 is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

The subject property, which was insured by the plaintiff, was damaged by a fire. After the plaintiff insurer reimbursed its subrogor, the property's receiver, for the fire loss, it commenced this action against the defendant property manager alleging, inter alia, that the fire was caused by the defendant's negligence. A trial was held and, at the close of evidence, the Supreme Court granted the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law and dismissed the complaint. We reverse.

Viewing the evidence in the light most favorable to the plaintiff (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]), the Supreme Court erred in granting the defendant's motion. The evidence presented at trial established that the defendant provided the day-to-day management of the property, which included changing the locks to the doors and gates of the premises after the eviction of the property's last tenant. Only the defendant had custody of the keys to these new locks. Several weeks after the locks were changed, a representative of the defendant, Christopher Shaman, found that a rear door of the property was open. On that day, according to fire department

records, Shaman noticed that the front doors to the premises were open and also saw a person running through the rear door. Shaman testified at trial that he did not know if the lock on this rear door, which was a doorknob "turn" lock, had ever been changed after the eviction of the last tenant. Shaman locked all of the doors and gates to the property.

The following day, the fire department responded to a fire at the property and, finding all of the gates and doors to the property to be locked, cut through the roof of the property to gain access to the interior. The plaintiff's fire investigation expert determined that the fire had originated from "three separate and distinct" fires that had been constructed like campfires, made with materials likely found within the building. The expert testified that there were no signs of flammable liquids, and no ignition or heat source from a utility, appliance, or machine that could have caused the fires. He further testified that he was informed by Shaman that all of the building's utilities had been shut off at the time of the fire. He also testified that he "could not find a way" in which a person or persons entered the building, other than through the use of a key.

The circumstantial evidence was sufficient for the jury to reasonably infer that it was more likely that the defendant's negligence in failing to maintain the security of the property, rather than some other factor or occurrence, resulted in the intrusion of an interloper into the property and the subsequent fire, and could have enabled the jury to reach a determination in favor of the plaintiff based on the logical inferences to be drawn from the evidence (*see Gayle v City of New York,* 92 NY2d 936, 937 [1998]; *Schneider v Kings Highway Hosp. Ctr.,* 67 NY2d 743, 744-745 [1986]; *North Am. Specialty Ins. Co. v Schwanter,* 39 AD3d 511, 512 [2007]). In view of the foregoing, the defendant was not entitled to judgment as a matter of law, and the plaintiff is entitled to a new trial. Prudenti, P.J., Santucci, McCarthy and Chambers, JJ., concur.