Keem v Ford Motor Co. (2024 NY Slip Op 02632)

Keem v Ford Motor Co.

2024 NY Slip Op 02632

Decided on May 10, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

263 CA 22-01732

[*1]BARBARA KEEM, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF JAMES KEEM, DECEASED, PLAINTIFF-APPELLANT,
v
FORD MOTOR COMPANY, PIONEER FORD-MERCURY, INC. AND TOWNE FORD, INC., DEFENDANTS-RESPONDENTS. 

DOLCE PANEPINTO, P.C., BUFFALO (MARC C. PANEPINTO OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO, MAURO LILLING NAPARTY LLP, WOODBURY (RICHARD J. MONTES OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered October 19, 2022. The order, insofar as appealed from, granted those parts of the motion of defendant Ford Motor Company seeking summary judgment dismissing the second, third and sixth causes of action against it. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Ford Motor Company is denied in part and the second, third and sixth causes of action against it are reinstated.
Memorandum: In this action, plaintiff, individually and as executor of the estate of her late husband James Keem (decedent), seeks damages for injuries sustained by decedent when the airbag of his Ford Explorer, manufactured by defendant Ford Motor Company (Ford Motor), unexpectedly deployed. Just prior to the airbag's deployment, decedent's vehicle had collided with a deer. After the collision, decedent parked his vehicle on the side of the road, then he looked to his right to check on his passengers in the vehicle and looked to the left to see the deer. At that point the airbag deployed. Plaintiff alleges, inter alia, that decedent's injuries were caused by Ford Motor's defective design and manufacture of the vehicle. Plaintiff appeals from an order that, inter alia, granted Ford Motor's motion for summary judgment dismissing the complaint against it. We reverse the order insofar as appealed from and conclude that Supreme Court erred in granting those parts of the motion seeking to dismiss the causes of actions sounding in strict products liability and negligence with respect to, inter alia, the design and manufacture of the vehicle.
We note at the outset that plaintiff does not address in her brief the propriety of the dismissal of the complaint against defendants Pioneer Ford-Mercury, Inc. and Towne Ford, Inc. and thus is deemed to have abandoned any issue with respect to the dismissal of the complaint against those defendants (see Mills v Raycom Media, Inc., 34 AD3d 1352, 1352 [4th Dept 2006]; Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). We further note that plaintiff does not raise any contentions in her brief with respect to the first cause of action, for breach of implied warranty against Ford Motor, and therefore has abandoned any issues concerning the dismissal of that cause of action (see Cassatt v Zimmer, Inc., 161 AD3d 1549, 1550 [4th Dept 2018]; Ciesinski, 202 AD2d at 984).
We agree with plaintiff that Ford Motor failed to meet its burden on the motion with respect to the strict products liability and negligence causes of action. It is well settled that a strict products liability cause of action may be established by circumstantial evidence, and thus a [*2]plaintiff " 'is not required to prove the specific defect' " in the product (Speller v Sears, Roebuck & Co., 100 NY2d 38, 41 [2003]; see Codling v Paglia, 32 NY2d 330, 337 [1973]; Saunders v Farm Fans, div. of ffi Corp., 24 AD3d 1173, 1175-1176 [4th Dept 2005]). "In order to proceed in the absence of evidence identifying a specific flaw, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants" (Speller, 100 NY2d at 41). " 'Proof that will establish strict liability will almost always establish negligence' " (Saunders, 24 AD3d at 1174-1175).
Here, in support of its motion, Ford Motor submitted decedent's deposition testimony in which he stated that the airbag did not deploy until after the collision with the deer and after decedent parked his vehicle on the side of the road. Although the airbag system was not available for testing and inspection after the accident, and thus Ford Motor was unable to provide an expert opinion based upon an examination of the system, Ford Motor submitted the affidavit and deposition testimony of its expert, who testified that the supplemental safety systems and frontal crash deployable devices of the vehicle, including the airbag system, were not defective at the time of the sale of the vehicle, and that those systems were designed and manufactured in compliance with applicable industry standards. Ford Motor's expert further stated that he believed that the airbag operated and deployed properly during the collision with the deer and he was not aware of any design or manufacturing defect through which the unexpected deployment of the airbag would happen. However, Ford Motor's expert failed to assert that there existed a likely cause of the unexpected deployment of the airbag that was "not attributable to any defect in the design or manufacturing of the product," and therefore Ford Motor failed to meet its burden on its motion with respect to the strict products liability and negligence causes of action (Koslow v Zenith Electronics Corp., 45 AD3d 810, 810-811 [2d Dept 2007]; see Saunders, 24 AD3d at 1175; cf. Speller, 100 NY2d at 42; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Inasmuch as Ford Motor failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
In light of our determination, we need not address plaintiff's remaining contention.
Entered: May 10, 2024
Ann Dillon Flynn
Clerk of the Court