Keem v Ford Motor Co. (2024 NY Slip Op 04729)

Keem v Ford Motor Co.

2024 NY Slip Op 04729

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ. (Filed Sept. 27, 2024.) 

MOTION NO. (263/24) CA 22-01732.

[*1]BARBARA KEEM, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF JAMES KEEM, DECEASED, PLAINTIFF-APPELLANT, 
v
FORD MOTOR COMPANY, PIONEER FORD-MERCURY, INC. AND TOWNE FORD, INC., DEFENDANTS-RESPONDENTS.

MEMORANDUM AND ORDER
Motion for reargument or leave to appeal to the Court of Appeals, and for other relief,
Now, upon reading and filing the affirmation of Richard J. Montes, dated June 14, 2024, the exhibits annexed thereto, the notice of said motion with proof of service thereof, the affirmation in opposition of Marc C. Panepinto, dated June 25, 2024, the reply affirmation of Richard J. Montes, dated June 28, 2024, and due deliberation having been had thereon,
It is hereby ORDERED that said motion be and the same hereby is granted and, upon reargument, the memorandum and order entered May 10, 2024 (227 AD3d 1526 [4th Dept 2024]) is amended by deleting the third and fourth paragraphs of the memorandum and substituting the following paragraphs:
We agree with plaintiff that Ford Motor failed to meet its burden on the motion with respect to the strict products liability and negligence causes of action. It is well settled that a strict products liability cause of action may be established by circumstantial evidence, and thus a plaintiff " 'is not required to prove the specific defect' " in the product (Speller v Sears, Roebuck & Co., 100 NY2d 38, 41 [2003]; see Ramos v Howard Indus., Inc., 10 NY3d 218, 223 [2008]; Codling v Paglia, 32 NY2d 330, 337 [1973]; Saunders v Farm Fans, div. of ffi Corp., 24 AD3d 1173, 1175-1176 [4th Dept 2005]). "In order to proceed in the absence of evidence identifying a specific flaw, a plaintiff must prove that the product did not perform as intended and exclude all other causes for the product's failure that are not attributable to defendants" (Speller, 100 NY2d at 41; see Ramos, 10 NY3d at 223). " 'Proof that will establish strict liability will almost always establish negligence' " (Saunders, 24 AD3d at 1174-1175).
In order to meet its initial burden of establishing entitlement to judgment as a matter of law, Ford Motor was required to submit evidence that its product was not defective (see Ramos, 10 NY3d at 221; Cassatt, 161 AD3d at 1550), and that it was reasonably safe for its intended use (see Meanear v Kwik Fill, 174 AD3d 1354, 1355-1356 [4th Dept 2019]). Although the airbag system was not available for testing and inspection after the accident, Ford Motor submitted the affidavit and deposition testimony of its expert, who testified that the supplemental safety systems and frontal crash deployable devices of the vehicle, including the airbag system, were not defective at the time of the sale of the vehicle, and that those systems were designed and manufactured in compliance with applicable industry standards [*2](see Ramos, 10 NY3d at 223-224). Nonetheless, Ford Motor also submitted the deposition testimony of decedent, which raises an issue of fact whether the product was defective inasmuch as decedent's testimony describing the deployment of the airbag contradicts the evidence that Ford Motor's testing and quality control measures were, in fact, so robust to render it " 'virtually impossible for a [product] with the relevant defect to leave [its] plant' " (id. at 224). Because Ford Motor failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).